IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAUN LOVELL FRANKLIN HURST, | ) ) ) |
| Petitioner, | ) ) |
| v. | )  Case No. CIV 24-209-JFH-GLJ ) |
| RICK WILLIAMS, Warden, | ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Shaun Lovell Franklin Hurst ("Hurst") has filed through counsel a "second petition for writ of habeas corpus by a person in state custody," pursuant to 28 U.S.C. § 2254.[1] (Dkt. 2). Hurst is a state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. *Id*. at 2.[2] He is attacking his convictions and sentences in Muskogee County District Court Case No. CF-2016-872 for Lewd or Indecent Proposals to a Child Under the Age of Sixteen (Count 1), Assault with a Dangerous Weapon (a vehicle) (Count 2), Endangering Others While Eluding/Attempting to Elude a Police Officer (Count 3), and Destroying Evidence (Count 4). *Id*. at 2-3.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the district courts must perform a preliminary examination of a habeas petition. After careful review of the petition, this Court finds that Hurst must file an amended second petition for a writ of habeas corpus that complies with this Court's Local Civil Rules and practices.

---

[1] Hurst's first petition for a writ of habeas corpus was dismissed without prejudice as unexhausted on August 2, 2022, in this Court's Case No. CIV-21-308-RAW-KEW.

[2] The page citations refer to this Court's CM/ECF header pagination.

According to Hurst's "Statement Regarding Incorporation, Adoption and Renewal of Issues, Claims, Challenges," he is attempting to incorporate by reference and to rely upon his first petition for a writ of habeas corpus in Case No. CIV 21-308-RAW-KEW and its four volumes of appendices. (Dkt. 2 at 3-4). He may not, however, incorporate by reference the first habeas action and its appendices into the present case, and he may not incorporate by reference his filings in the original second habeas petition. The amended second petition will completely replace and supercede the original second petition. *See Burkhalter v. Patton*, 2015 WL 4387974, at *1 (July 15, 2015).

If Petitioner wants the Court to consider a document from the record of this case, it must be attached to the amended second petition as an exhibit or appendix. Hurst may not incorporate by reference any material that is not included in the amended second habeas petition and the attachments to the amended second petition. The amended second petition with its attachments must be complete in itself and must include all relevant portions of the records Hurst wants the Court to consider.

**ACCORDINGLY,** Hurst is directed to file within twenty-one (21) days an amended second petition for a writ of habeas corpus. All materials to be considered with the amended second petition must be included in the amended second petition or in the attachments to the amended second petition.

**IT IS SO ORDERED** this 13th day of August 2024.

GERALD L. JACKSON
United States Magistrate Judge