**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **SHAUN LOVELL FRANKLIN HURST,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**RICK WILLIAMS,**<br><br>**Respondent.** | **Case No. 24-CV-209-JFH-GLJ** |

**OPINION AND ORDER**

Petitioner Shaun Lovell Franklin Hurst ("Petitioner"), a state prisoner appearing through counsel, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against him in the District Court of Muskogee County, Oklahoma, Case No. CF-2016-872. Respondent Rick Williams ("Respondent") has moved to dismiss the petition, arguing that Petitioner failed to file it within the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1) and, in the alternative, failed to exhaust available state remedies prior to filing the petition, in contravention of 28 U.S.C. § 2254(b)(1). Having considered the amended second petition for writ of habeas corpus by a person in state custody ("Petition") [Dkt. Nos. 12, 13, 14], Respondent's pre-answer motion to dismiss and brief in support [Dkt. Nos. 17, 18], and Petitioner's response in opposition to the motion [Dkt. No. 22],[1] the Court grants Respondent's motion and dismisses the Petition with prejudice, as barred by the statute of limitations.[2]

---

[1] Respondent filed a Motion to Strike Petitioner's Response [Dkt. No. 22] due to its excessive length. Respondent correctly notes that Petitioner's 75-page brief violates Local Civil Rule 7.1(c)'s proscription against briefs that exceed 25 pages without leave of court. However, the Court nonetheless has considered the Response and shall deny Respondent's Motion to Strike.

[2] Because the Court finds the Petition should be dismissed as untimely, the Court does not address Respondent's alternative argument for dismissal.

## I. BACKGROUND

Petitioner was convicted by a jury in Case No. CF-2016-872 of Lewd or Indecent Proposals to a Child Under Sixteen, Assault with a Dangerous Weapon, Endangering Others While Eluding/Attempting to Elude a Police Officer, and Destroying Evidence. Dkt. No. 18-1, at 1.[3] Petitioner directly appealed his conviction, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence in an opinion issued July 23, 2020. *Id.* Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. On October 13, 2021, Petitioner filed a Petition for Writ of Habeas Corpus in this Court, Case No. 21-CV-308-RAW-KEW, which the Court dismissed without prejudice on August 2, 2022, for failure to exhaust state remedies. Dkt. Nos. 18-3, 18-4. Petitioner then filed an application for postconviction relief in state court on November 10, 2022. Dkt. No. 18-5. The state district court denied relief on July 7, 2023, and the OCCA ultimately affirmed the decision on April 26, 2024.[4] Dkt. Nos. 18-7, 18-12. Petitioner then initiated the instant federal habeas action on June 18, 2024. Dkt. No. 2.

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

[3] The Court's citations refer to the CM/ECF header pagination.

[4] Petitioner's initial Petition in Error to the OCCA was untimely, and the OCCA therefore declined jurisdiction over the appeal of the denial of Petitioner's application for postconviction relief. Dkt. No. 18-8. However, the OCCA subsequently granted Petitioner leave to appeal out of time. Dkt. No. 18-10.

> the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period generally runs from the date the judgment became final under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

**A. The One-Year Limitations Period**

Petitioner does not invoke the triggering events provided in § 2244(d)(1)(B)-(D). Accordingly, the timeliness of his Petition is governed by § 2244(d)(1)(A). Under this provision, Petitioner's judgment became final upon the expiration of his time to file a petition for a writ of certiorari with the United States Supreme Court following the OCCA's July 23, 2020, decision. At the time the OCCA issued its opinion, Supreme Court Miscellaneous Order 589 was in effect, extending the typical 90-day deadline for seeking certiorari review to 150 days in response to the COVID-19 pandemic. *See Cato v. Yazel*, No. 25-CV-0462-SHE-JFJ, 2026 WL 1157153, at *2 n.3 (N.D. Okla. April 29, 2026). Petitioner's judgment therefore became final under § 2244(d)(1)(A) on December 20, 2020. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). His one-year limitation period began to run the following day, on December 21, 2020, and expired one year later, on December 21, 2021. *See Harris v.* Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011); *United States v.* Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003). Accordingly, Petitioner's federal habeas action, initiated June 18, 2024, is untimely absent statutory or equitable tolling.

**B. Statutory and Equitable Tolling**

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the

pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision, however, does not apply to applications for state postconviction or other collateral review filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Anderson v. Cline*, 397 F. App'x 463, 464 (10th Cir. 2010) ("[I]t is long settled that a state court motion for collateral relief cannot restart the clock on a limitations period that has already expired."). Petitioner's November 10, 2022, application for postconviction relief was filed nearly eleven months after the expiration of the AEDPA's one-year limitations period and does not, therefore, trigger statutory tolling under § 2244(d)(2). Moreover, while Petitioner initiated his first federal habeas action within the one-year limitations period, "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and therefore does not serve to toll the statutory period under that provision. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

While the AEDPA's limitations period also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner appears to argue he is entitled to equitable tolling because the Court erred in dismissing his initial habeas petition without prejudice for lack of exhaustion rather than granting a stay and abeyance, where the petition was timely filed but dismissed after the expiration of the limitations period. Dkt. No. 21, at 13-47. This argument lacks merit. First, if Petitioner believed the Court's determination to be in error, he should have

appealed the determination in the initial action rather than argue that it justifies equitable tolling in a subsequent, untimely action. Failure to do so undermines any argument of diligence or circumstances "beyond his control." Second, Petitioner has not shown that dismissal of the initial action was inappropriate. The petition in that action contained only unexhausted claims. *See* Dkt. No. 18-4, at 6. The United States Court of Appeals for the Tenth Ciruict has explained that a stay of "a petition with wholly unexhausted claims that is protectively filed during the pendency of state postconviction proceedings" may be appropriate if there is only a "short time period remaining on the federal statute of limitations[5] and [the petitioner] can meet the *Rhines* three-part test." *Doe*, 762 F.3d at 1178, 1181; *see Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner, however, did not file his initial petition during the pendency of state postconviction proceedings, he had over two months remaining in the AEDPA's limitation period at the time he filed his petition, and the Court found Petitioner had not shown "good cause" for his failure to exhaust his claims in state court and therefore failed the *Rhines* test. *See* Dkt. No. 18-4, at 6; *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Petitioner next argues that his trial and appellate attorneys were ineffective and that this should warrant equitable tolling. Dkt. No. 21, at 42-47. Yet, to justify equitable tolling based on attorney misconduct, a petitioner must demonstrate that misconduct beyond a "garden variety claim of attorney negligence" prevented the timely filing of his habeas action. *Holland v. Florida*, 560 U.S. 631, 649, 651-52 (2010). Even if the Court were to assume Petitioner's trial and/or appellate counsel provided poor assistance, Petitioner has not shown how his counsel's conduct precluded the timely submission of his habeas action. This argument, therefore, fails to

[5] The examples of a "short time period" referenced in the Tenth Circuit's decision include one or two days. *Doe v. Jones*, 762 F.3d 1174, 1179-80 (10th Cir. 2014).

demonstrate entitlement to equitable tolling.[6]

**C. The Suspension Clause**

Finally, Petitioner argues that the denial of the instant Petition based on untimeliness would "result in a violation of the Suspension Clause, U.S. Const. art. I, § 9 cl. 2, the Constitution's prohibition on suspending the Habeas Corpus writ." Dkt. No. 21, at 47-52. "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). The petitioner "bears the burden of demonstrating inadequacy and ineffectiveness." *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001). Petitioner has not met this burden. The AEDPA provides for the tolling of the one-year limitation period during the pendency of properly filed applications for state postconviction relief such that the exhaustion requirement does not thwart a petitioner's ability to timely file his claims in a federal habeas action. Petitioner could have exhausted his claims on direct appeal or in a timely state application for postconviction relief, as appropriate, and then presented them in a timely federal habeas petition. Nothing in Petitioner's arguments suggests the limitation period rendered the habeas remedy inadequate or ineffective to test the legality of his detention.

## III. CONCLUSION

Based on the foregoing, the Court grants Respondent's motion to dismiss [Dkt. No. 17] and dismisses the Petition with prejudice as barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because the Court finds that no

---

[6] Additionally, "a convincing showing of actual innocence" may "serve[] as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Petitioner, however, has not raised this argument or provided "new reliable evidence" supporting such a finding. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

reasonable jurists would debate the procedural dismissal of the petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS HEREBY ORDERED that:

1. Respondent's Motion to Strike Petitioner's Response [Dkt. No. 22] is denied;
2. Respondent's motion to dismiss [Dkt. No. 17] is granted;
3. The amended second petition for writ of habeas corpus by a person in state custody [Dkt. Nos. 12, 13, 14] is dismissed with prejudice as barred by the AEDPA's statute of limitations;
4. a certificate of appealability is denied; and
5. a separate judgment shall be entered in this matter.

Dated this 29th day of September, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE